**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **STEPHEN FLYNN,** *Plaintiff,* | § § § | |
| **V.** | § | **Civil Action No. 4:25-cv-4291** |
| **AMGUARD INSURANCE COMPANY,** *Defendant.* | § § § § § | |

**PLAINTIFF'S COUNSEL'S UNOPPOSED MOTION**
**FOR LEAVE TO WITHDRAW**

TO THE HONORABLE PETER BRAY, UNITED STATES MAGISTRATE JUDGE:

Eric B. Dick and Dick Law Firm, PLLC, counsel of record for Plaintiff Stephen Flynn, respectfully move under Local Rule 83.2 for leave to withdraw. In support, counsel shows the following.

## I. SUMMARY

Counsel has been unable to secure Plaintiff's participation in his own case. He did not appear for his deposition on June 30, 2026, and counsel has not been able to obtain the information and materials the case now requires. Separately, and independently, Defendant's motion filed July 31, 2026, seeks monetary sanctions, a referral to the State Bar of Texas, and revocation of admission to practice before this Court — **against counsel personally and against the firm.** That relief puts counsel's own interests directly at odds with the client's, and it does so in the same proceeding in which counsel must advise him.

Either ground would support withdrawal. Together they make continued representation untenable. Counsel says no more about the circumstances than the Court needs, and nothing beyond what is necessary to support the relief requested. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.05.

## II. BACKGROUND

This is a first-party property insurance suit arising from Hurricane Beryl, which struck the insured property at 1039 Evandale Lane, Sugar Land, Texas on July 8, 2024. Plaintiff sued in state court; Defendant removed on September 10, 2025.

Defendant noticed Plaintiff's deposition for June 30, 2026, by notice served June 9, 2026. Counsel's office confirmed the setting in writing on June 26, 2026, and acknowledged the Zoom link on June 27, 2026. Plaintiff did not appear. Counsel's office advised opposing counsel and the reporter the same morning, offered five alternative dates, and asked that the deposition be reset.

Since then, counsel has been unable to secure Plaintiff's participation. Counsel does not detail the reasons, which are the subject of the attorney-client relationship, except to say that they are not within counsel's control and that counsel has made repeated efforts to address them.

On July 31, 2026, Defendant filed a combined motion for summary judgment and for sanctions (Dkt. 15). The sanctions half of that motion is directed at counsel: it asks the Court to award Defendant its attorney's fees against counsel under 28 U.S.C. § 1927 and the Court's inherent power, to refer counsel to the State Bar of Texas, and to revoke counsel's admission to practice before this Court. Plaintiff's response to that motion is being filed contemporaneously with this one.

## III. GROUNDS FOR WITHDRAWAL

### A. A motion seeking sanctions against counsel personally creates a conflict between counsel's interests and the client's.

A lawyer may withdraw when the representation "will result in an unreasonable financial burden on the lawyer" or when "other good cause for withdrawal exists." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.15(b)(6), (7). And a lawyer may not continue a representation in

which "the representation of th[e] person reasonably appears to be or become adversely limited by . . . the lawyer's or law firm's own interests." *Id.* R. 1.06(b)(2).

Defendant's motion asks this Court to take counsel's license and livelihood. Counsel must now defend himself and his firm in the same proceeding in which he must advise Plaintiff about the merits of Plaintiff's own claim, about settlement, and about how to respond to the same filing. The two roles pull in different directions on questions as basic as what to concede, what to contest, and whether to resolve the case. That is the conflict the rule describes, and it did not exist before July 31, 2026.

**B. Counsel cannot obtain the client's participation, and the case has reached the point where participation is required.**

A lawyer may withdraw when the client "fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services," or when the representation "has been rendered unreasonably difficult by the client." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.15(b)(5), (6). Plaintiff did not appear for his deposition, and counsel has been unable to secure his participation since. The case is now at summary judgment. A lawyer who cannot obtain his client's participation cannot competently carry the client's proof.

**C. Withdrawal will not prejudice Plaintiff or delay the case.**

Counsel is filing Plaintiff's response to Defendant's motion shortly after this motion, so that Plaintiff's position on summary judgment and on sanctions is fully before the Court whatever the Court does with this request. No trial date has been set. Counsel will deliver the complete file to Plaintiff or to any successor counsel promptly on request, will cooperate fully with successor counsel, and asks for no fee or lien in connection with the withdrawal.

Counsel respectfully asks that any order granting this motion allow Plaintiff a reasonable period, counsel suggests thirty days, to retain new counsel or to notify the Court that he will proceed pro se, and that pending deadlines be adjusted accordingly.

## IV. INFORMATION REQUIRED BY LOCAL RULE 83.2

| Required disclosure | Response |
|---|---|
| Client's name | Stephen C. Flynn |
| Client's last known address | 1039 Evandale Lane, Sugar Land, Texas 77479 |
| Client's last known telephone number | (832) 406-0387 |
| Client's last known e-mail address | autoworldoftexas@yahoo.com |
| Whether the client consents to the withdrawal | Counsel has advised Plaintiff in writing of the intent to seek leave to withdraw and of the date of this filing. Plaintiff has not stated a position, and the motion is therefore presented as opposed. |
| Whether a substitute attorney will appear | No substitute counsel has appeared. Plaintiff is not left without recourse: the response to Defendant's motion will be filed before the applicable deadlines, and counsel will transfer the file immediately on request. |
| Pending settings and deadlines | Defendant's combined motion for summary judgment and for sanctions (Dkt. 15) is pending; Plaintiff's response will be filed before any applicable deadlines. No trial setting. |

## V. PRAYER

Eric B. Dick and Dick Law Firm, PLLC respectfully request that the Court grant leave to withdraw as counsel of record for Plaintiff Stephen Flynn; that the Court allow Plaintiff thirty days to retain successor counsel or to advise the Court that he will proceed pro se; that all deadlines be adjusted accordingly; and that the Court grant such other relief to which counsel may be entitled.

[Signature on Following Page]

Respectfully submitted,

***/s/ Eric B. Dick***
Eric B. Dick, LL.M.
Texas Bar No. 24064316
S.D. Tex. Bar No. 1020775
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(713) 224-3400 (Office)
(832) 207-2007 (Facsimile)
eric@dicklawfirm.com
**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on August 17, 2026, a true and correct copy of the foregoing instrument was served on all counsel of record via the Court's CM/ECF system, and on Plaintiff Stephen Flynn by electronic mail to autoworldoftexas@yahoo.com and by United States mail, first class, postage prepaid, to 1039 Evandale Lane, Sugar Land, Texas 77479.

***/s/ Eric B. Dick***
Eric B. Dick

## CERTIFICATE OF CONFERENCE

I certify that on August 11, 2026, I contacted Counsel for Defendant regarding the relief requested by this motion. Counsel for Defendant has indicated they are unopposed to this motion.

***/s/ Eric B. Dick***
Eric B. Dick